```
 1  DANIEL J. BRODERICK, Bar #89424
    Federal Defender
 2  DAVID M. PORTER, Bar #127024
    Assistant Federal Defender
 3  801 I Street, 3rd Floor
    Sacramento, California 95814
 4  Telephone: (916) 498-5700

 5

 6  Attorney for Petitioners
    ALONZO DEON JOHNSON and DARRYL THOMPSON
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALONZO DEON JOHNSON, | ) | No. Civ. S 03-2063 JAM JFM P |
| | ) | |
| Petitioner, | ) | **NOTICE OF APPEAL; REQUEST FOR** |
| | ) | **CERTIFICATE OF APPEALABILITY;** |
| v. | ) | **ORDER** |
| | ) | |
| CLAUDE E. FINN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |
| DARRYL THOMPSON, | ) | No. Civ. S 04-2208 JAM JFM P |
| | ) | |
| Petitioner, | ) | **NOTICE OF APPEAL; REQUEST FOR** |
| | ) | **CERTIFICATE OF APPEALABILITY;** |
| v. | ) | **ORDER** |
| | ) | |
| TOM L. CAREY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

NOTICE is hereby given that petitioners, ALONZO DEON JOHNSON and DARRYL THOMPSON, appeal to the United States Court of Appeals for the Ninth Circuit from the district court's order adopting in part and denying in part the findings and recommendations of the magistrate judge, and the judgment entered on March 23, 2010.

Mssrs. Johnson and Thompson also request this court issue the certificate of appealability lodged herewith.  *See* 28 U.S.C. § 2253(c);

Fed. R. App. P. 22(b); *see also Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (AEDPA provisions for certificate of appealability apply to habeas appeals initiated after effective date of statute).[1]

## **STANDARDS FOR CERTIFICATE OF APPEALABILITY**

To obtain a certificate of appealability, a habeas corpus petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner "need not show that he should prevail on the merits." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). A claim warrants issuance of a certificate if it presents a "question of some substance," *i.e.*, an issue (i) that is "'debatable among jurists of reason'"; (ii) "'that a court could resolve in a different manner'"; (iii) that is "'adequate to deserve encouragement to proceed further'"; or (iv) that is not "squarely foreclosed by statute, rule, or authoritative court decision, or . . . [that is not] lacking any factual basis in the record." *Id.*, at 893 n.4, 894.[2] As the Supreme Court clarified:

> At the COA stage . . ., a court need not make a definitive inquiry into [the merits of the habeas petition]. As we have said, a COA determination is a separate proceeding, one distinct from the underlying merits. The Court of Appeals should have inquired whether a "substantial showing of the denial of a constitutional right" had been proved. Deciding the substance of an appeal in what should only be a threshold inquiry undermines the concept of a COA. The question is the debatability of the underlying constitutional claim, not the resolution of that debate.

---

[1] The Rules Governing Section 2254 Proceedings were recently amended to require district courts "to issue or deny a certificate of appealability *when it enters a final order adverse to the applicant*." Rule 11, Rules Governing Section 2254 Proceedings (2009) (emphasis added).

[2] *Barefoot* involved the showing required, under pre-AEDPA law, for issuance of a certificate of probable cause. The same standard applies under § 2253(c). *Slack*, 529 U.S. at 484-85.

1  *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003) (citations omitted).

## ISSUE TO BE RAISED ON APPEAL

The issue sought to be raised on appeal is whether petitioners' constitutional rights were violated by the prosecutor's improper use of peremptory challenges to exclude African-American jurors.

The magistrate judge conducted an evidentiary hearing in this case, during which the prosecutor testified as to the circumstances surrounding his exercise of peremptory challenges against three prospective African-American jurors. After post-hearing briefs were filed, the magistrate judge issued thorough and thoughtful findings and recommendations, 43 pages in length. While he found that the prosecutor had legitimate, race-neutral reasons for excusing two prospective African-American jurors, he concluded that the prosecutor's stated reasons for excluding the third prospective African-American juror, Mr. Willie Lee Jones, III, were a pretext for eliminating him from the jury because of his race. The magistrate judge examined each and every reason the prosecutor claimed (both at voir dire and during the evidentiary hearing) was the basis for the challenge, including that Mr. Jones was a bad speller, which he concluded was "trivial in the extreme."[3] After conducting a comparative juror analysis in painstaking detail, the magistrate judge concluded that the results "fatally undermine[d] the credibility of the prosecutor's stated justification for excusing Mr. Jones and demonstrate[d] that Mr. Jones' youth, marital status, residence and poor spelling could not have genuinely motivated the prosecutor to strike him." (CR #62 at

---

[3] Even though the prosecutor "placed great weight on the fact that Mr. Jones could not spell, even misspelling the title of his own job," (CR #62 at 20), this Court did not mention that factor in its March 23, 2010 order.

3

22).

This Court, without the benefit of observing the prosecutor testify, appears to have rejected the magistrate judge's credibility finding on this issue, *but see Snyder v. Louisiana*, 552 U.S. 472, 477 (2008) (emphasizing that in reviewing *Batson* challenges, "determinations of credibility and demeanor lie peculiarly within a trial judge's province . . [and] that in the absence of exceptional circumstances, we would defer to the trial court"), and, in its three-and-a-half page order, concluded that petitioners failed to provide evidence that the prosecutor removed Mr. Jones from the jury based on purposeful racial discrimination. Because the issue is at least "debatable among jurists of reason," the certificate of appealability should issue.

## **CONCLUSION**

We request the Court issue the Certificate Of Appealability lodged herewith.

DATED: March 23, 2010

                Respectfully submitted,

                DANIEL J. BRODERICK
                Federal Defender

                /s/ *David M. Porter*
                DAVID M. PORTER
                Assistant Federal Defender

                Attorney for Petitioners
                ALONZO DEON JOHNSON AND DARRYL THOMPSON

**O R D E R**

Under authority of Title 28, United States Code section 2253(c), and Federal Rule of Appellate Procedure 22(b)(1), the Court hereby certifies that there is cause for an appeal in the above-entitled case. Accordingly, a certificate of appealability is hereby granted as to the following issue: whether petitioners' constitutional rights were violated by the prosecutor's improper use of peremptory challenges to exclude African-American jurors.

IT IS SO ORDERED.

DATED: March 23, 2010

/s/ John A. Mendez
U.S. District Court Judge